UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBRA S. WILLIAMS<br>Plaintiff,<br><br>vs.<br><br>C.R. BARD, INC, and DAVOL, INC.<br>Defendants. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>SECTION<br><br>MAGISTRATE |

# COMPLAINT

Plaintiff, DEBRA S. WILLIAMS, by and through her attorneys, brings this action alleging the following, upon information and belief.

## NATURE OF THE ACTION

Plaintiff brings this action against C. R. BARD, INC. (hereinafter "BARD") and its wholly owned subsidiary, DAVOL, INC., (hereinafter "DAVOL"), for their sale and distribution of defective hernia patches sold under the product names, Kugel® Hernia Patch, Bard® Kugel® Hernia Patch, and Bard® Composix® Kugel® Hernia Patch, (hereinafter "Kugel Patch"). The Defendants' defective product was surgically implanted into the body of the Plaintiff. The Kugel Patch presents, and will continue to present, a substantial risk of injury or death to the Plaintiff. As a result, Plaintiff has been injured and will need continual and ongoing medical monitoring.

## BACKGROUND

1. This is an action for damages suffered by Plaintiff as a direct and proximate result of the Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, and/or labeling of the Kugel® Hernia Patch, Bard® Kugel® Hernia Patch, and Bard® Composix® Kugel® Hernia Patch.

**JURISDICTION AND VENUE**

2. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332(a). Plaintiff is a citizen of Louisiana, no Defendant is a citizen of the same state as Plaintiff, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(c) because Defendants are corporations. A corporation is deemed to reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction at the time the action is commenced. BARD and DAVOL distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners at all times relevant and including the day this action is commenced, certain hernia surgical repair products to be surgically implanted in patients, and more particularly within the jurisdictional boundaries of the United States District Court for The Middle District of Louisiana.

**PARTIES**

4. Plaintiff, DEBRA S. WILLIAMS, (hereinafter "Plaintiff") is an individual citizen and resident of Baton Rouge, Louisiana. During the relevant time period, Plaintiff had hernia repair surgery which included the implantation of a Kugel Patch into her body. The patch is still within Plaintiff's body.

5. Defendant, C. R. BARD, INC. (hereinafter "BARD"), is a New Jersey corporation with its principal office and place of business at 730 Central Avenue, Murray Hill, New Jersey, 07974, County of Union. BARD has sufficient business contacts with the State of Louisiana to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Louisiana. At all relevant times, the Defendant,

.BARD, designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners, certain hernia surgical repair products to be surgically implanted in patients throughout the United States, including Louisiana.

6. Defendant, DAVOL, INC. (hereinafter “DAVOL”), is, and was, a wholly owned subsidiary of C. R. BARD, INC., with its principal place of business at 100 Sockanosset Crossroads, P.O. Box 8500, Cranston, Rhode Island, 02920, County of Providence. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset Street, Providence, Rhode Island 02903. At all times relevant, DAVOL was a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business for manufacturing hernia surgical repair products in Cranston, Rhode Island. DAVOL has sufficient business contacts with the State of Louisiana to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Louisiana. At all relevant times, the Defendant, DAVOL, designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners, certain hernia surgical repair products to be surgically implanted in patients throughout the United States, including Louisiana.

**GENERAL ALLEGATIONS**

7. Plaintiff’s action involves patches containing a hard “memory recoil ring” (or “PET coil ring”) that surrounds the mesh, first manufactured by Surgical Sense, Inc., starting in or around 1996, acquired by Defendants in 2000, and then manufactured by Defendants between

2001 and March 2006. These Kugel Patches were sold by Defendants for implantation in patients in the course of hernia repair surgery.

8. A hernia occurs when the stomach muscles are too weak to contain the intestines, and as a result, a rupture occurs in the muscle wall which allows the intestines to protrude. The Kugel Patch was designed to treat ventral hernias caused by the thinning or stretching of scar tissue that forms after surgery.

9. The Kugel Mesh line of products was first manufactured by Surgical Sense, Inc., starting in or around 1996. In January of 2000, BARD acquired the assets and Kugel Patch product line of Surgical Sense, Inc. Shortly thereafter, in 2001, BARD introduced the Kugel Patch through its subsidiary, DAVOL. The Kugel Patches manufactured by Surgical Sense, Inc., and the patches manufactured by Defendants, were approved for sale by the U. S. Food and Drug Administration, hereinafter “FDA,” under 510(k) Premarket Notification Submissions.

10. The Kugel Patch, invented by Robert D. Kugel, M. D., is a polypropylene mesh prosthetic device developed to repair ventral hernias, or hernias of the abdominal region. The Kugel Patch is inserted behind the hernia defect in the abdomen through a small incision. In order to fit through the small incision the mesh is folded in half. Once inside the abdomen the mesh re-deploys as a result of a hard “memory recoil ring” (or “PET coil ring”) that surrounds the mesh.

11. Due to defects in the design and manufacturing of the Kugel Patch, the “memory recoil ring” that opens the patch can break under the stress of placement of the product in the intra-abdominal space. Once the memory recoil ring has broken, it can later come loose and cause serious injuries as it travels through the body. These injuries include, but are not limited to: intestinal perforations; ring migration through the abdominal wall; abscesses; bowel obstruction

and sepsis; and chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

12. As a result of this dangerous and defective condition, and the numerous serious injuries that resulted, the FDA issued the first Class 1 Recall of various lots of the Kugel Patches on December 22, 2005. The Class 1 Recall was expanded in subsequent recalls on March 31, 2006, and January 24, 2007. A Class 1 Recall is the highest level of recall available to the FDA. It is issued when the FDA believes a medical product is dangerous or defective and predictably could cause serious health problems or death.

13. The products that are affected by the recall were distributed to customers and implanted in patients worldwide. As of March 2006, roughly 75,000 Kugel Patches had been sold. Upon information and belief, the vast majority of the patches which have been implanted are currently still inside patients residing in the United States. From January 2000 until March 2006, Kugel Patches were sold by Defendants under Items Numbers or Product Codes; 10-101, 10-102, 10-103, 10-104, 10-105, 0010101, 0010102, 0010103, 0010104, 0010105, 0010201, 0010202, 0010203, 0010204, 0010205, 0010206, 0010207, 0010208, and 0010209. Although not all of these Kugel Patches are listed in the FDA's Class 1 Recall, they all have the defective "memory recoil ring."

14. At all times herein mentioned, Defendants knew, or in the exercise of reasonable care should have known, that the aforesaid products were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with proper warnings, were not suitable for the purpose they were intended and were unreasonably likely to injure the products' users.

15. Defendants' Kugel Patches are defective because they possess the potential for breakage or malfunction of the memory recoil ring and, as a result, are subject to risk of resulting injury.

16. Defendants did not timely apprise the public and physicians of the defect in their Kugel Patches, despite Defendants' knowledge that memory recoil rings had failed due to the described defects. Defendants' concealment of a known defect from Plaintiff tolls the applicable statute of limitation. Plaintiff did not learn of the recall until 2006.

17. Defendants' conduct, as described in the preceding paragraphs, amounts to conduct purposely committed, which Defendants must have realized was dangerous, heedless and reckless, without regard to the consequences or the rights and safety of Plaintiff.

18. As a direct and proximate cause of Defendants' conduct and the recalled Kugel Patches, Plaintiff has suffered injuries and will require continual medical monitoring and care. Accordingly, Plaintiff will incur future medical costs related to the recalled Kugel Patches.

**PLAINTIFF'S EXPERIENCE**

19. Plaintiff underwent a hernia repair surgical procedure in 2006 at Our Lady of The Lake Regional Medical Center and Dr. Wesley Dessell implanted a Kugel Patch into her body.

20. The Kugel Patch implanted in Plaintiff was designed, manufactured, sold and distributed by Defendants, and was intended to be used by surgeons for hernia repair surgeries. Defendants represented these Kugel Patches to be appropriate and suitable products for such purposes.

21. The Kugel Patch inserted in Plaintiff's body has caused her severe pain and suffering and mental anguish and will continue to do so into the future.

22. As a direct and proximate result of Defendants' defective design, manufacture, function and/or inadequate warnings regarding the Kugel Patch, Plaintiff sustained, and will continue to sustain, injuries and damages.

**COUNT ONE**

**LOUISIANA PRODUCTS LIABILITY ACT**

23. Plaintiff hereby restates and realleges each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

24. The Kugel Patch proximately caused damage to the Plaintiff, which damage was caused by a characteristic of the product that rendered it unreasonably dangerous arising from a reasonably anticipated use of the product by Plaintiff, thus rendering Defendants liable to Plaintiff pursuant to LSA R.S. 9:2800.54.

25. The Kugel Patches subject to the Class I Recall were defective because they failed to perform safely and effectively for the purpose they were originally designed. Plaintiff's Kugel Patch was a Class I recalled device that failed while in Plaintiff's body, causing Plaintiff to develop serious physical complications which may require or required subsequent, painful and unnecessary surgical removal of her Kugel Patch.

26. Defendants DAVOL and BARD created a duty to warn patients about The Kugel Patch and to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of the Kugel Patch.

27. Had the Defendants DAVOL and BARD not engaged in the deceptive conduct described above, Plaintiff would not have purchased and/or paid for the Kugel Patch, would not have incurred related medical costs and would not continue to incur these costs.

28. Defendants, had a duty to warn physicians of the dangers and risks associated with the use of the Kugel Patch.

29. Defendants had a duty to warn physicians that permanent disability could occur from the use of the Kugel Patch.

30. Defendants had a duty to warn patients of the injuries that could occur from the use of the Kugel Patch.

31. Defendants had a duty to warn that corticosteroids and other anti-inflammatory drugs could increase the change of injury from the Kugel Patch.

32. Defendants knew or should had known that the type of injuries suffered by Plaintiff were historically associated with the Kugel Patch.

33. Defendants knew or should have known that the type of injuries suffered by Plaintiff were historically associated with the Kugel Patch.

34. The Kugel Patches, like the one found in Plaintiff, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiff as follows:

a) the memory recoil ring of the Kugel Patch is likely to malfunction after being implanted;

b) the Kugel Patch was not properly manufactured;

c) the Kugel Patch was defectively designed;

d) the Kugel Patch did not perform as safely as an ordinary consumer/patient would expect;

e) the Kugel Patch was inadequate or insufficient to maintain its integrity during normal use after implantation in the consumer/patient; and such further and additional defects as discovery and the evidence reveal.

f) The Kugel Patch was sold in a defective condition by design and manufacture;

g) The Kugel Patch as designed and manufactured was unsafe to Plaintiff;

h) The Kugel Patch as designed and manufactured was unreasonably dangerous to Plaintiff;

i) The Kugel Patch did not perform safely as an ordinary consumer/patient, like Plaintiff, would expect;

j) The Kugel Patch as designed and manufactured was unsafe for its intended use;

k) DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

l) DAVOL and BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

m) DAVOL and BARD failed to implement an adequate, safe and effective “memory recoil ring” and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

n) DAVOL and BARD failed to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery;

o) Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising,

marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

35. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

## COUNT TWO

## VIOLATION OF WARRANTY OF REDHIBITION

36. Plaintiff hereby restates and realleges each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

37. Defendants DAVOL and BARD were aware of the substantial risks from using the Kugel Patch but failed to fully disclose the same.

38. DAVOL and BARD sold the Kugel Patch which was implanted in the Plaintiff. DAVOL and BARD impliedly warranted to Plaintiff, Plaintiff's physicians and healthcare providers, that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

39. DAVOL and BARD knew or should have known that the Kugel Patches at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

40. Plaintiff, Plaintiff's physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Kugel Patch was fit for such use.

41. When the Kugel Patch was distributed into the stream of commerce and sold by DAVOL and BARD, it was unsafe for its intended use, and not of merchantable quality, as warranted by DAVOL and BARD, in that it had very dangerous propensities when used as intended and implanted into a patient's body where it could cause serious injury of harm or death to the end user.

42. Plaintiff suffered such injuries and damages as a result of DAVOL's and BARD's conduct and actions.

43. Had Plaintiff been aware of the defects associated with the Kugel Patch, Plaintiff would not have had it implanted. This characteristic rendered it unfit for its intended purposes.

44. Defendants are liable to Plaintiff under the theory of redhibition as a consequence of the sale to Plaintiff of a product unfit for its intended use.

45. Plaintiff is entitled to return of any purchase price paid, including but not limited to, insurance co-payments, interest on these amounts from the date of purchase, attorneys fees and costs, pecuniary and non-pecuniary damages, as well as any other legal and equitable relief to which Plaintiff may be entitled.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

a) that process issue according to law;

b) that each Defendant be served with a copy of Plaintiff's Complaint and show cause why the prayers for relief requested by Plaintiff should not be granted;

c) that Plaintiff be granted a trial by jury in this matter;

d) that the Court enter judgment against each Defendant, jointly and severally, for all other general and compensatory damages allowable to Plaintiff;

e) that the Court enter judgment against each Defendant, jointly and severally, for all other general and compensatory damages allowable to Plaintiff;

f) that the Court enter judgment against each Defendant, jointly and severally, for all other special damages allowable to Plaintiff;

g) that the Court enter judgment against each Defendant, serving to award Plaintiff punitive damages under applicable law;

h) that the Court enter judgment against each Defendant, jointly and severally, for all other relief sought by Plaintiff under this Complaint;

i) that the costs of this action be cast upon Defendant;

j) that the Court grant Plaintiff such other and further relief to which the Court deems just and appropriate.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury on all issues so triable.

Dated: March 4th, 2008

Respectfully submitted

/s/ Douglas R. Plymale
James R. Dugan, II (La. Bar No. 24785)
Douglas R. Plymale (La. Bar No. 28409)
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181

Attorneys for Plaintiff